UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOCAL 1522 OF COUNCIL 4, AMERICAN FEDERATION OF STATE COUNTY AND MUNICIPAL EMPLOYEES, ET AL.<br>        Plaintiffs,<br><br>        v.<br><br>BRIDGEPORT HEALTH CARE CENTER, INC., ET AL.<br>        Defendants. | CIVIL ACTION NO.<br>3:15-CV-1019 (JCH)<br><br><br><br><br>OCTOBER 20, 2016 |

**RULING GRANTING IN PART MOTION TO AMEND (DOC. NO. 110)**

A second amended complaint may be filed: (1) to assert a claim for failure to make prescription payments for the period of February 1, 2016 through February 12, 2016, absent objection, and (2) to assert appropriate class action allegations, absent objection.  The plaintiffs have shown cause to permit these amendments to the complaint in light of the defendants' alleged ongoing conduct and to better address any remedy.  The court does not see any undue prejudice to the defendants in these amendments.  Indeed, assuming the parties will move the case forward expeditiously, which the court expects, it is more in keeping with Rule 1 of the Federal Rules of Civil Procedure to allow these amendments, than to disallow them.

However, the court denies the Motion to Amend to the extent that it seeks to add emotional distress claims, as such claims are unsuited to a class action because they require individual proof, see Augustin v. Jablonsky, 819 F. Supp. 2d 153, 166 (E.D.N.Y. 2011); see also Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011) (holding that "common contention" required for class certification "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity

1

will resolve an issue that is central to the validity of each one of the claims in one stroke"), and would at least greatly delay the resolution of the case in order to resolve the issue.  The court also denies the Motion to Amend to the extent that it seeks to pierce the corporate veil, as that would add a new party and require substantial discovery, e.g., any and all transfers between Bridgeport Health Care Center, Inc. and Mr. Stern, which would not have been a subject of discovery in this case at all to date, and would also result in substantial delay in the adjudication of this case.

The plaintiffs can file a separate action to pierce the corporate veil, to obtain damages for emotional distress, or both.

Further, the Motion to Amend is denied, without prejudice to renew, as to the addition of pension claims.  The parties are ordered to submit a proposed schedule by October 31, 2016, and a summary description of discovery that would be needed, if the proposed pension claim (as set forth in the proposed amended complaint attached to the instant Motion to Amend) were to be allowed.

The plaintiffs are ordered to docket a Second Amended Complaint which is consistent with this Ruling.

**SO ORDERED.**

Dated this 20th day of October, 2016, at New Haven, Connecticut.

/s/ Janet C. Hall.
Janet C. Hall
United States District Judge

2